UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LEVI McRAE LUGINBYHL,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 23-CV-0279-CVE-MTS |
| | ) |
| **STEVEN HARPE, Director,** | ) |
| **Oklahoma Department of Corrections,**[1] | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Levi McRae Luginbyhl, a self-represented Oklahoma prisoner, seeks federal habeas relief, through a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. # 4), to challenge the validity of the criminal judgment entered against him in Tulsa County District Court Case No. CF-2014-6496. In response to the allegations in the petition, respondent filed a motion to dismiss the petition (Dkt. # 14) and supporting brief (Dkt. # 15), asserting that Luginbyhl did not exhaust available state remedies before he filed the petition, as required by 28 U.S.C.

---

[1] Luginbyhl presently is incarcerated at the Lawton Correctional Facility, a privately-operated prison. The Court therefore substitutes Steven Harpe, the director of the Oklahoma Department of Corrections, in place of William Chris Rankins as party respondent. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. The Clerk of Court shall note on the record this substitution.

§ 2244(b)(1)(A). Luginbyhl filed a response in opposition to the motion (Dkt. # 18).[2] For the following reasons, the Court grants respondent's motion and dismisses the petition, without prejudice.

## I.

A Tulsa County jury found Luginbyhl guilty of robbery with a firearm, after former conviction of two or more felonies, in violation of OKLA. STAT. tit. 21, § 801 (2011). Dkt. # 15-2, at 1.[3] On March 9, 2016, the trial court sentenced Luginbyhl to a term of forty years' imprisonment. Id. Represented by counsel, Luginbyhl filed a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"), raising four claims. Dkt. # 15-4. Specifically, he claimed that (1) the trial court erroneously granted the state's request for a "flight instruction"; (2) the prosecutor committed reversible misconduct by making improper remarks during closing argument; (3) the trial court erroneously denied his request for a lesser included offense instruction; and (4) the cumulative effect of trial errors deprived him of a fair trial. Id. at 2-3. In

---

[2] Luginbyhl also filed two motions for injunctive relief (Dkt. ## 9, 17). Luginbyhl alleges that state officials transferred him to a different facility in retaliation for his filing of grievances and he appears to challenge as unconstitutional various conditions of his confinement. Dkt. # 9, at 1-5; Dkt. # 17, at 1-2. To the extent Luginbyhl seeks injunctive relief for alleged violations of his constitutional rights by state officials, he cannot seek that relief through this habeas action. Rather, he must seek relief by filing a civil rights complaint under 42 U.S.C. § 1983. See Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam) (stating that "[f]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983."). As the Muhammad Court explained, "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus" whereas "requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. Liberally construing Luginbyhl's motions for injunctive relief, the Court finds that these motions assert claims that are not cognizable in this habeas action and that must be raised, if at all, through a civil rights action under § 1983. For that reason, the Court denies the motions.

[3] For consistency, the Court's citations refer to the CM/ECF header pagination.

an opinion filed March 8, 2018, the OCCA rejected each claim on the merits and affirmed Luginbyhl's judgment and sentence. Dkt. # 15-2, at 1-7.

Proceeding without counsel, Luginbyhl sought postconviction relief in state district court through an application filed in April 2018 and through a supplemental application filed in August 2018. Dkt. ## 15-5, 15-8. The state district court construed the April 2018 application as asserting nine claims and summarily dismissed the application because Luginbyhl did not file the application in compliance with state procedural rules. Dkt. # 15-4. Luginbyhl did not file a postconviction appeal to challenge the dismissal of this application. Dkt. # 15-7, at 12. In July 2019, Luginbyhl filed a supplement to his supplemental application. Dkt. # 15-9. Luginbyhl filed a petition for writ of mandamus in the OCCA in May 2023, "to compel Tulsa County to provide records, transcripts, files at public expense as filed on 12-23-2022." Dkt. # 15-10, at 1. The OCCA declined to exercise jurisdiction because Luginbyhl did not show that he first sought mandamus relief from the state district court. Dkt. # 15-11, at 3. As of July 2023, the state district court docket sheet showed that the state district court had not issued any ruling on Luginbyhl's supplemental application. Dkt. # 15-7, at 12-19; see also Dkt. # 15 at 5 & n.4. However, the Court takes judicial notice that, on February 21, 2024, the state district court construed Luginbyhl's supplemental application as asserting nine claims and dismissed in part and denied in part that application. See Order (Doc. No. 1057804923, filed Feb. 21, 2024), State v. Luginbyhl, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-2014-6496&cmid=279774, last visited May 6, 2024. Luginbyhl filed a postconviction appeal, and that appeal is pending before the OCCA. See Docket Sheet, Luginbyhl v. State,

3

https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2024-348&cmid=137572, last visited May 6, 2024.[4]

In the section of the instant petition that asks Luginbyhl to identify the grounds on which he seeks federal habeas relief, Luginbyhl identifies two claims: (1) the Tulsa County district court "refused to provide all court transcripts, pleadings, motions, evidence, and unlawfully seized other records"; and (2) the prosecutor "inflamed the passions and prejudice of the jury with patriotism, allegiences [sic]" and references to Luginbyhl's "sovereign citizen beliefs, taxes, and immunity claims and quoted the bible in his inquisition while [Luginbyhl] was hooked up to an electric[] device." Dkt. # 4, at 5, 7. Petitioner appears to identify fourteen additional claims in an attached list of "Grounds Raised." Id. at 16-19. Petitioner also appears to assert various claims that are not cognizable in a habeas action. For example, he alleges "malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights," racial discrimination, and property damage. Id. at 20-21. Luginbyhl then lists seven or more "grounds" he purportedly raised in other proceedings, some of which could possibly assert cognizable habeas claims. Id. at 21-35. The remaining portions of the petition appear to either discuss Luginbyhl's religious beliefs and his status as a sovereign citizen or simply provide a list of statutes and prison regulations. Id. at 36-68.

## II.

Respondent contends that the petition should be dismissed because Luginbyhl has not exhausted available state remedies as to all claims that he raises, or attempts to raise, in the petition.

---

[4] Because these developments occurred after the dismissal motion was fully briefed, the Court finds it appropriate to take judicial notice of the publicly available state court records. See Johnson v. Spencer, 950 F.3d 680, 705-06 (10th Cir. 2020) (discussing when it is appropriate to take judicial notice of another court's opinion or matters of public record).

Dkt. ## 14, 15. Luginbyhl's response to the dismissal motion is largely incomprehensible, but he asserts, in part, both that he exhaustively submitted claims and defenses" and that "exhaustion was futile, inadequate, ineffective, or unavailable." Dkt. # 18, at 5-6.

"[A] federal court may grant habeas relief only with respect to federal claims that state prisoners have appropriately exhausted by adequately presenting the substance of the claims to the appropriate state court for review." Ellis v. Raemisch, 872 F.3d 1064, 1091 (10th Cir. 2017); see 28 U.S.C. § 2254(b)(1)(A) ("An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."). Section 2254(b)(1) requires a state prisoner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see also id. at 844 ("[W]hen a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."); Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994) ("The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."). In Oklahoma, the OCCA is the appropriate state court in which to seek review of criminal judgments because it is the highest state court having appellate jurisdiction over criminal cases. See Dutton v. City of Midwest City, 353 P.3d 532, 549 (Okla. 2015) ("The Court of Criminal Appeals is constitutionally vested with 'exclusive appellate jurisdiction in criminal cases' as implemented by legislation."). Having reviewed the record of state court proceedings, the Court finds that Luginbyhl has not

exhausted available state remedies as to all claims that he raises, or attempts to raise, in the petition because his postconviction appeal presently is pending in the OCCA. And, because his postconviction appeal is pending in the OCCA, the Court further finds that Luginbyhl has not met his burden to show that it would be futile to exhaust available state remedies.

### III.

Based on the foregoing, the Court concludes that respondent's motion to dismiss shall be granted and that the petition shall be dismissed, without prejudice, so that Luginbyhl may complete the process of exhausting available state remedies. See Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006) ("Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies.").[5] Because the failure to exhaust available state remedies presents a "plain procedural bar" to relief, the Court further concludes that a certificate of appealability shall not issue. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the Clerk of Court shall **note** on the record the substitution of Steven Harpe, Director, Oklahoma Department of Corrections, in place of William Chris Rankins, as party respondent.

**IT IS FURTHER ORDERED** that Luginbyhl's motions for injunctive relief (Dkt. ## 9, 17) are **denied**.

---

[5] As respondent acknowledges, Luginbyhl arguably exhausted a portion of his prosecutorial misconduct claim by presenting it to the OCCA on direct appeal. See Dkt. # 15, at 9 n.8. But it is not clear from the "supporting facts" that Luginbyhl includes in the petition whether Luginbyhl asserts the same prosecutorial claim that he raised on direct appeal. Compare Dkt. # 4, at 7 (arguing, in part, that prosecutor quoted the Bible in his "inquisition" and improperly referred to several other issues while Luginbyhl was "hooked up" to an electric device), with Dkt. # 15-4, at 12-13 (arguing that prosecutor erred by quoting the New Testament and invoking sympathy for the victim). Regardless, the Court concludes that it is appropriate to dismiss the entire petition, without prejudice, because (1) it is clear that Luginbyhl did not present any of his other claims to the OCCA before filing the instant petition and (2) it is clear that exhaustion would not be futile because Luginbyhl's postconviction appeal is presently pending in the OCCA.

**IT IS FURTHER ORDERED** that respondent's motion to dismiss (Dkt. # 14) is **granted**, and the petition for writ of habeas corpus (Dkt. # 4) is **dismissed without prejudice** for failure to exhaust available state remedies.

**IT IS FURTHER ORDERED** that a certificate of appealability is **denied**, and that a separate judgment of dismissal shall be entered in this matter.

**DATED** this 7th day of May, 2024.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE